IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN CHARLES JOHNSON, | ) | 4:09CV3063 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| NEBRASKA DEPT. OF | ) | **AND ORDER** |
| CORRECTIONAL SERVICES, | ) | |
| ROBERT HOUSTON, and FRED | ) | |
| BRITTEN, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Kevin Charles Johnson's ("Johnson") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) After initial review, the respondents filed a Motion for Summary Judgment (filing no. 11), a brief in support of the Motion for Summary Judgment (filing no. 12), State Court Records (filing no. 10), and an Affidavit regarding State Court Records (filing no. 13). As set forth below, Respondents' Motion is granted.

## I. BACKGROUND

### A.    Johnson's 2003 Convictions

On May 9, 2003, Johnson pled guilty to two counts of Robbery and one count of Use of a Deadly Weapon to Commit a Felony. (Filing No. 10-2, Attach. 1 at CM/ECF p. 29.) Johnson was thereafter sentenced to serve 3 to 5 years on the first Robbery count and 3 to 5 years on the Use of a Deadly Weapon to Commit a Felony count. (*Id*. at CM/ECF p. 30.) These two sentences were ordered to run consecutively. (*Id*.) Johnson was also sentenced to serve 3 to 5 years for the second

Robbery count.  (*Id*.)  This sentence was ordered to run concurrently to the sentences imposed on the other counts.  (*Id*.)

Johnson filed a timely direct appeal.  (*Id*. at CM/ECF p. 31.)  On March 18, 2004, the Nebraska Court of Appeals summarily affirmed Johnson's conviction and sentence.  (Filing No. 10-6, Attach. 5 at CM/ECF p. 1.)

### B.   Johnson's 2008 Convictions

Almost six years later, Johnson was convicted of one count of Discharging a Firearm at an Occupied Building or Motor Vehicle, one count of Use of a Weapon to Commit a Felony and one count of Possession of a Deadly Weapon by a Felon. (Filing No. 10-8, Attach. 7 at CM/ECF p. 3.)  On January 3, 2008, Johnson was sentenced to serve 3 to 5 years on the Discharging a Firearm at an Occupied Building or Motor Vehicle count, 1 to 2  years on the Use of a Deadly Weapon to Commit a Felony count and 1 to 2 years on the Possession of a Deadly Weapon by a Felon count.  (*Id*.)  These sentences were ordered to run consecutive to each other.  (*Id*.) The record did not address how Johnson's 2008 sentences should run with respect to his 2003 sentences.

### C.   Johnson's Petition for Writ of Habeas Corpus

On March 26, 2009, Johnson filed his petition in this court.  (Filing No. 1.) Condensed and summarized, Johnson seeks a Writ of Habeas Corpus because the Nebraska Department of Correctional Services ("DCS") is running his 2003 and 2008 state court sentences consecutively rather than concurrently.  (*Id*.)

On April 4, 2009, the court entered an order permitting this matter to proceed on the petitioner's claim.  (Filing No. 7.)  On July 6, 2009, the respondents filed a Motion for Summary Judgment (filing no. 11), a brief in support of the Motion for Summary Judgment (filing no. 12), State Court Records (filing no. 10), and an Affidavit regarding State Court Records (filing no. 13).  In their brief, the respondents argue that the petitioner's claim is unexhausted and therefore procedurally defaulted, and that the petitioner's claim is an issue of state law.  (Filing

No. 12.) The petitioner failed to respond.

## II.  ANALYSIS

### A.    Exhaustion

As set forth in 28 U.S.C. § 2254(b)(1):

(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (I)    there is an absence of available State corrective process; or

        (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.  *Id.* at 844.  In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner.  *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Here, Johnson did not invoke "one complete round" of the Nebraska appellate

3

review process for his 2008 convictions.  Because Johnson did not appeal his 2008 convictions or file a state post conviction action, he has not exhausted his claim for post conviction relief in state court.  While the court may stay a petition in these circumstances, a stay is not warranted here because, as set forth below, Johnson's claim arises under state law.   In other words, whether exhausted or not, Johnson's claim has no merit because it does not raise a federal constitutional issue.

### B.      Constitutional Violation

"A federal court's review of a state court conviction is limited to determining whether the conviction or sentence was obtained in violation of 'the Constitution or laws or treaties of the United States.'"  *Frasier v. Maschner*, 304 F.3d 815, 818 (8th Cir. 2002) (citing 28 U.S.C. § 2254(a)).

Here, Johnson seeks review of his state court convictions because the DCS is running his 2003 and 2008 state court sentences consecutively rather than concurrently.  (Filing No. 1.)  However, "[s]entencing is a matter of state criminal procedure, and does not involve such a denial of fundamental fairness as to fall within the purview of federal habeas corpus."  *Durham v. Wyrick*, 665 F.2d 185, 187 (8th Cir. 1981) (citation omitted); *see also Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (concluding trial court's alleged failure to list reasons for imposing consecutive sentences cannot form the basis for federal habeas relief); *State v. McNerny*, 239 Neb. 887, 889-90 (1992) (holding when the record is silent, a sentence is presumed to run consecutive to a sentence imposed for a different crime in a separate case).  Because Johnson's claim cannot form the basis for federal habeas relief, his petition is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1.      Petitioner Kevin Charles Johnson's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

4

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

Dated November 18, 2009.

BY THE COURT

s/  Warren K. Urbom
United States Senior District Judge